{¶ 22} I respectfully dissent.
 {¶ 23} Here, Porter challenges his conviction for trafficking in marijuana on the basis that the state presented insufficient evidence to support his conviction of that charge. He further contends his conviction is against the manifest weight of the evidence, although he presented no evidence at trial.
 {¶ 24} A challenge to the sufficiency of evidence raises a due process question of law for the court to decide as to whether or not the state has presented evidence, which, if believed by the trier of fact, would support the conviction. The test is, "whether after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt." State v. Martin (1983), 20 Ohio App.3d 172.
 {¶ 25} In this regard, the state's burden included its duty to prove that Porter knowingly prepared the marijuana for shipment, shipped, transported, or delivered it, or prepared it for distribution, or distributed it having reasonable cause to believe it to be intended for sale or resale by himself or another. The record before us does not contain evidence to support any of these actions by Porter. As the majority has stated, the officer who arrested Porter saw him urinate and smelled an odor of PCP and marijuana. Nothing more. At that point, the officer conducted a "pat down" search of Porter and felt several objects which he believed to be marijuana. The state presented no evidence that Porter himself prepared the marijuana for distribution, distributed it, shipped, transported or delivered it to anyone. In fact, at trial, Officer Hupka testified he believed Porter was selling marijuana solely on the manner in which it had been packaged when located after Hupka searched him.
 {¶ 26} The facts of this case are strikingly similar to State v.Vanhorn (March 31, 1983), Cuyahoga App. No. 44655, where Judge Thomas J. Parrino writing for a unanimous court noted that there the majority of the marijuana was seized from the front seat of an automobile located between Vanhorn and another occupant which was packaged in eight small envelopes. The court concluded: "The evidence presented sufficiently proves possession; it does not prove any of the delineated activities [of trafficking]."
 {¶ 27} As in Vanhorn, the evidence here relied on at trial to prove trafficking consisted of the manner in which the marijuana was packaged. Nevertheless, Officer Hupka admitted, that Porter could have purchased the marijuana packaged in that fashion. No evidence was presented to establish that Porter himself either prepared the marijuana for shipment, shipped, transported or delivered it or prepared it for distribution or distributed it. Here, Hupka testified the small plastic bags appeared to be intended for resale, but he had no evidence that Porter intended that result. This evidence does not constitute, in my view, sufficient evidence for the offense of trafficking specifically where, as the majority correctly points out, Porter possessed only a total of 10.83 grams of marijuana — possession of less than 100 grams of marijuana is a minor misdemeanor. See R.C. 2925.11(C)(3)(a). This appears to be a felony conviction based on the manner of packaging, not the actions of the appellant. In Vanhorn, the court stated: "It is just as reasonable a theory that appellant had received the packets from one or the other of the people in the car as it is that he was [sic] engaging in the `trafficking' activity." The court there concluded the evidence insufficient to support a trafficking conviction.
 {¶ 28} Similarly, here, the evidence is insufficient to demonstrate that Porter knowingly prepared the marijuana for shipment, shipped, transported, or delivered it, or prepared marijuana for distribution or that he distributed it. It proves possession, but not trafficking. Accordingly, I would modify this judgment to a conviction for drug possession and remand the matter for resentencing.